Case No. 15-1156, American Postal Workers Union, AFL-CIO Petitioner v. Postal Regulatory Commission. Mr. Anderson for the petitioner, Mr. Sandberg for the responder. Good morning. May it please the court, I'm Michael Anderson for the American Postal Workers Union, the petitioner herein. Congress charged the Postal Regulatory Commission with controlling the postal monopoly in two primary respects, rates and services. And the treatment is parallel in the 2006 amendments to the postal statute. Rates and services are both dictated by regulations that are promulgated for notice and comment and published in the Code of Federal Regulations. They are binding and enforceable and Congress specifically provided that violations of both rate and service regulations would be actionable by private complaint through section 3662. In this case, the union brought such a service complaint. It alleges that the widespread degree of noncompliance with service standards experienced in the United States between 2012 and the present has been proximately caused by management initiatives to dismantle the infrastructure of the postal service through what's called network consolidation or plant closings. That because the management of the postal service has closed plants that are proximate to communities like Brooklyn and Colorado Springs and Jacksonville, we are seeing the failure of the postal service in aggregate to meet the service standards required by regulation. The theory of the union is not simply that there is an aggregate national shortfall. It's that the particularly deep shortfalls in communities affected most by those plant consolidations explain the shortfalls nationwide. The Postal Regulatory Commission refused to hear this complaint. They dismissed it at the outset without allowing for discovery. The commission put out an order that gave two rationales. First, the commission said, and I'm quoting from the headline of this section of its order, published service standards represent service expectations. They are not requirements, nor can they be violated. Now, that would come as a rude surprise to Congress. Yes. And the goals are exactly that, goals. And it was Congress who said they lead to goals. It was not the agency that made that up. That's in the statute. That's in the uncodified part of the statute. Does that make it less of a statute? Well, no. The standards inform the goals. But the goals can't be enforced through any kind of private complaint because they're not published in the Code of Federal Regulations. They're not put out for notice and comment. And no private party would be allowed to bring a judicial complaint that the commission hadn't adequately enforced performance goals. Who said that? This court has repeatedly said that where an agency has a performance plan that's not published in the CFR, that this is not final agency action that can give rise to judicial review under the APA. The agency here itself says the goals are subject to complaint, at least they correct me if I'm wrong. Again, I'm not sure. I still would have the question as to what is the redress if a goal is a goal and they've reasonably responded to a failure to reach a goal. But in any event, I don't know how you can ride the standards horse when the statute contemplates, as far as you're riding it, when the statute contemplates the law that Congress enacted that standards merely lead to goals and goals are what we're looking at to determine whether or not the commission and the service, whether they're measuring what's going on in a meaningful way. But let me take you back to section 3691. 3691 does not speak of performance goals. 3691A says first, service standards are subject to regulations. And subsection D says the regulations promulgated and any violations thereof shall be subject to review upon complaint. I absolutely understand. I know what your position is, but that doesn't get me anywhere because if I keep reading the statute, I understand that standards lead to goals. Standards may also lead to goals. that are merely foundational for goals that are going to be enforceable and that we're going to review. So merely because you have a standard that is a regulation, as you keep arguing, that has a force of law doesn't tell me anything. It all depends on what it is. If it merely undergirds goals, I have to keep reading. But your honor, in 3653, Congress speaks of service standards as distinct from performance goals. In 3653B and C, it speaks of service standards and says if the commission finds noncompliance, it shall take action as if a complaint averring such noncompliance had been due in file. Now you and I can hypothesize using my assumption. We could easily hypothesize situations where the agency promulgates a standard. And it's nonsensical in light of the statutory purposes. We're not going to do anything unless the sky is blue for 30 days. That's a standard. Well, you could bring a complaint and we'd say, yeah, you're right, that's inconsistent with law. But so what? But in the kind of case in which you're talking about, where they're doing it, there's no standard here that is facially, you're not saying there's any standard here that is facially impermissible. If that's the case, then the way I'm analyzing the case as a judge and looking at this, I have to know that standards lead to goals. And that's what the statute says. And the agency then has performance evaluations. And that's really what the process is about. Well, that's a policy argument against the way that Congress set up the statute. No, I'm relying on the statute. No, right. And the statute says service standards are regulations which are subject to complaint upon violation directly. You're missing the point. Go ahead. Let me see if I can just understand your position. Is it your position that the annual determination...
judges: Wilkins, Edwards, Williams